44112. HEATH v. GENERAL WHOLESALE COMPANY.

PANNELL, Judge. Sections .01, .02, and .03 of Chapter 560-2-7 of the Rules of the Department of Revenue contained in Vol. 6 of the Official Compilation, Rules and Regulations of the State of Georgia read as follows: "Every licensed wholesaler of distilled spirits shall keep posted with the Commissioner at all times, on forms provided by the Commissioner for that purpose, a master price list of all types, brands, and sizes of distilled spirits being handled by him. The master price list posted pursuant to this Section may be amended at any time such amendment shall be effective when received

by the Commissioner in writing." "Quantity prices may be posted pursuant to these Regulations in the same manner as other prices are posted." "Every licensed retailer and every business licensed under the provisions of these regulations or Section 31 of the Act shall be entitled to purchase distilled spirits from a wholesaler at the price posted pursuant to these regulations and no wholesaler may discriminate against any retailer or refuse to sell distilled spirits to a licensed retailer at the posted price."

Where, as in the present case, a wholesaler, pursuant to the regulations, posts his prices to retailers and sells to a retailer who has places of business in the City of Augusta and outside the city limits in Richmond County *at the same price* as posted and there is levied by the City of Augusta an excise tax on the wholesaler based upon sales in the City of Augusta which is different from the excise tax levied by the County of Richmond for sales made in the county, such difference in taxes paid by the wholesaler does not constitute a discrimination in price charged by the wholesaler to the respective retailers in the city and county within the meaning of the regulations. Accordingly, such a retailer can not recover from the wholesaler any difference in "price" because of a difference in profit. Whether or not the taxes assessed against the wholesaler may be discriminatory as to the retailer for some reason is not a question properly presented by this appeal. The trial court did not err in granting summary judgment for the defendant wholesaler.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 6, 1969—DECIDED JANUARY 14, 1969.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.
*Trotter & Duncan, William P. Trotter,* for appellee.